**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Athena Boggs, et al.,

Plaintiffs,

v.

Tesla General Insurance Incorporated,

Defendant.

No. CV-25-04108-PHX-SHD

**ORDER**

On April 10, 2026, I directed the parties to submit supplemental briefing addressing whether I have subject matter jurisdiction over this case. (Doc. 24.) Defendant Tesla General Insurance Incorporated ("TGI") filed the initial brief, arguing that the parties are not diverse, that the threshold requirements of the Class Action Fairness Act ("CAFA") are not met, and that under the "home state" and "local controversy" exceptions to CAFA, I must decline jurisdiction. (*See generally* Doc. 25.) Plaintiffs concede that I lack jurisdiction over the Complaint as pled. (Doc. 26 at 2.) They argue, however, that they can amend their complaint to add two new defendants—Tesla Insurance Services ("TIS") and State National Insurance Company, Inc. ("SNIC")—to cure the jurisdictional defects. (*Id.* at 2–3.) In Reply, TGI argues that Plaintiffs' proposed amendment will not cure the jurisdictional defects and that the complaint should be dismissed without leave to amend. (Doc. 27 at 2–4.) For the reasons stated below, Plaintiffs' Complaint will be **dismissed** under Federal Rule of Civil Procedure 12(h)(3) without prejudice. Plaintiffs' request for leave to amend the Complaint will be **denied**.

## I.    BACKGROUND

On November 5, 2025, Plaintiffs Athena Boggs and Jared Miiller, Arizona residents, filed this putative class action against TGI, who they alleged to be a California-incorporated insurer, challenging TGI's underwriting and claims-handling practices with respect to uninsured and underinsured motorist coverage on automobile insurance policies issued in Arizona.  (Doc. 1 at ¶¶ 16–17.)  The Complaint proposes three classes—each limited to persons insured under TGI Arizona-issued policies—asserting claims under Arizona insurance law.  (*Id.* at ¶¶ 175–77.)  Plaintiffs invoke jurisdiction under both 28 U.S.C. § 1332(a) and CAFA, 28 U.S.C. § 1332(d).  (*Id.* at ¶¶ 12–15.)

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party invoking federal jurisdiction bears the burden of establishing jurisdiction.  *Id.*  A challenge to subject matter jurisdiction may be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  On a factual attack, district courts may consider evidence outside the complaint and need not accept the plaintiff's allegations as true.  *Id.*  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Id.* (quotation marks omitted).

CAFA confers original jurisdiction over class actions in which (1) the proposed class has at least 100 members; (2) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) any member of the plaintiff class is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2), (5)(B), (6); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019).  The proponent of federal jurisdiction bears the burden of establishing these prerequisites by a preponderance of the evidence.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007).

CAFA also contains mandatory exceptions that require a district court to decline

jurisdiction even when the statute's prerequisites are otherwise satisfied. Under the home state exception, a court "shall decline to exercise jurisdiction" when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *Singh*, 925 F.3d at 1067.

Separately, the local controversy exception requires a court to decline jurisdiction where (i) more than two-thirds of the proposed class members are citizens of the filing state; (ii) at least one defendant from whom significant relief is sought, and whose alleged conduct forms a significant basis for the claims, is a citizen of the filing state; (iii) the principal injuries occurred in the filing state; and (iv) no similar class action has been filed in the preceding three years. 28 U.S.C. § 1332(d)(4)(A). The party invoking either CAFA exception bears the burden of proving its applicability. *Serrano*, 478 F.3d at 1021–22.

Finally, although leave to amend is to be freely given, a court may deny leave where amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Amendment is futile when the plaintiff's proposed amendments fail to cure the pleading's deficiencies. *See Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## III.    DISCUSSION

### A.    Subject Matter Jurisdiction

As an initial matter, complete diversity under § 1332(a) is absent. TGI has presented evidence that it is an Arizona citizen, and Plaintiffs do not contest this evidence. (*See* Doc. 25-1 ¶ 6; Doc. 25-2; Doc. 26 at 2.) Thus, both Plaintiffs and TGI are Arizona citizens. Jurisdiction therefore turns on CAFA.

TGI factually attacks subject matter jurisdiction and has presented evidence that (1) all of the proposed class members are residents and citizens of Arizona, (2) TGI is a citizen of Arizona, (3) the proposed damages-based classes contain no greater than 5 individuals, and (4) the amount in controversy could not exceed $1.2 million. (Doc. 25 at 5–8; Doc. 25-1 at ¶¶ 6–12.) TGI thus asserts that, as a factual matter, Plaintiffs have failed to establish

CAFA's minimal diversity, numerosity, and amount-in-controversy requirements. (*Id.*) In their one-and-a-half-page Response, Plaintiffs do not contest TGI's evidence, nor do they offer any evidence of their own to support jurisdiction. (Doc. 26.) This failure is itself dispositive on a factual attack, *see Safe Air*, 373 F.3d at 1039, and I therefore lack subject matter jurisdiction.

Furthermore, Plaintiffs do not address, and therefore concede, TGI's argument that the "home state" and "local controversy" exceptions apply to this case. *See Currie v. Maricopa Cnty. Cmty. Coll. Dist.*, 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion."). Those exceptions independently require me to decline jurisdiction. The proposed classes are overwhelmingly—if not exclusively—composed of Arizona citizens. (Doc. 1 ¶¶ 175–77; Doc. 25-1 ¶¶ 9–10.) TGI is a primary defendant, and even if TIS and SNIC were added,[1] they would be at most secondary defendants whose liability would derive from TGI's conduct. *See Singh*, 925 F.3d at 1068–69. The principal injuries arose in Arizona under Arizona-issued policies governed by Arizona law, and no similar class action has been filed against TGI in the preceding three years. Both mandatory exceptions therefore negate jurisdiction even if Plaintiffs could satisfy CAFA's threshold requirements.[2] *See* 28 U.S.C. § 1332(d)(4)(A)–(B); *Singh*, 925 F.3d at 1067–68.

### B.    Futility of Amendment

Rather than argue the existence of subject matter jurisdiction, Plaintiffs argue only that they can add two new defendants—TIS and SNIC, citizens of California and Texas, respectively—to satisfy minimal diversity and increase both the size of the class and the amount in controversy. (Doc. 26 at 2.) But Plaintiffs do not explain why the addition of

---

[1]    Plaintiffs' request for leave to amend is addressed below.

[2]    Tesla also argues that I should exercise my discretion to decline jurisdiction under § 1332(d)(3). (Doc. 25 at 10.) Because I lack jurisdiction under the mandatory provisions of § 1332(d), I do not reach the discretionary analysis under § 1332(d)(3).

TIS and SNIC would expand the class, nor do they address—let alone contradict—TGI's evidence suggesting the amount in controversy does not exceed $1.2 million. (*See id.*) And Plaintiffs' conclusory statement that "[j]oinder of Tesla Insurance Services would . . . increas[e] the size of the class and the amount in controversy" is not self-evident. (Doc. 26 at 2.)  For example, Plaintiffs' proposed damages-based classes are limited to individuals who have TGI policies issued in Arizona and who experienced a covered loss. (Doc. 1 at ¶¶ 176–77.)  TGI has presented evidence that only 5 such claims have been opened, and that, at most, these claims are collectively worth $1.2 million, which falls far below CAFA's $5 million threshold.  (Doc. 25 at 6–7.)  Plaintiffs' proposed addition of TIS and SNIC has no apparent bearing on this jurisdictional fact.  They have thus failed to establish that they can, even with amendment, satisfy CAFA's threshold requirements and amendment would be futile.

Moreover, Plaintiffs have not submitted a proposed amended pleading.  They identify no specific causes of action against TIS or SNIC, no contractual or statutory basis for direct liability against either entity, and no theory under which the size of the class or the amount in controversy would change.  They instead request fourteen days for "further analysis of relevant legal issues." (Doc. 26 at 3.)  On this record, I need not infer that some viable amendment might exist.  *See Carrico*, 656 F.3d at 1008 (holding that leave to amend was futile where the plaintiffs failed to "propose any specific allegations that might rectify" the pleading's deficiencies and requested "leave to amend only as an afterthought").  And Plaintiffs themselves acknowledge that dismissal without prejudice does not preclude them from filing a new action containing new allegations against additional defendants if they later conclude they can plead a viable case supporting federal jurisdiction.  (Doc. 26 at 3.) Dismissal without prejudice therefore fully protects Plaintiffs' interests.

## IV.   CONCLUSION

Because Plaintiffs concede that I lack subject matter jurisdiction over this action as pled, and because they do not attempt to show that their proposed amendment would cure the jurisdictional defects identified by TGI—including CAFA's mandatory home state and

local controversy exceptions—the Complaint will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

Accordingly,

**IT IS ORDERED** dismissing this action without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** denying Plaintiffs' request for leave to amend.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 7th day of July, 2026.

_____
Honorable Sharad H. Desai
United States District Judge